UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

D-1 DULCE BRICENO,
D-2 BRANDI JENSON,
D-3 DEIRDRE TEAGAN a/k/a
     DIEDRE TEAGAN,
D-4 RICKY HAMPTON,
D-5 RODNEY WOODS,
D-6 RONALD FORD,
D-7 DARRELL BROWN,

Defendants.

_____/

Case:2:09-cr-20221
Judge: Hood, Denise Page
MJ: Whalen, R. Steven
Filed: 05-20-2009 At 04:34 PM
INDI USA V. SEALED MATTER (DA)

VIO.:  18 U.S.C. § 1349
       18 U.S.C. § 1347
       18 U.S.C. § 2
       18 U.S.C. § 1956
       18 U.S.C. § 1957
       18 U.S.C. § 1519
       18 U.S.C. § 982

## INDICTMENT

THE GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

1. The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3. The Medicare Program included coverage under two primary components, hospital insurance (Part A) and medical insurance (Part B). Part B of the Medicare Program covered the costs of physicians' services and other ancillary services not covered by Part A. Part B of the Medicare program covered a limited set of medications, including medications that were administered via injection or infusion and that were furnished as part of a physician service. Injection treatments involved the administration of medication by inserting a syringe directly into a vein, muscle or the fatty tissue beneath the skin. Infusion treatments involved the administration of medication through a catheter into the bloodstream.

4. Medicare Part B for injection and infusion therapies was administered in Michigan by Wisconsin Physicians Service ("WPS"), a company that contracted with CMS to receive, adjudicate, process, and pay certain Part B claims.

5. Payments under the Medicare Program were often made directly to a provider of the goods or services, rather than to the beneficiary. This occurred when the provider submitted the claim to Medicare for payment, either directly or through a billing company.

6. Physicians, clinics, and other health care providers that provided services to Medicare beneficiaries were able to apply for and obtain a "provider number." A health care provider who was issued a Medicare provider number was able to file claims with Medicare to obtain reimbursement for services provided to beneficiaries. A Medicare claim was required to set forth, among other things, the beneficiary's name, the date the services were provided, the cost of the services, and the name and identification number of the physician or other health care provider who had ordered the services.

2

7. Xpress Center, Inc. ("XPC") was a Michigan corporation, purportedly doing business at 16977 Farmington Road, Livonia, Michigan. XPC was a medical clinic that purported to specialize in treating patients by providing infusion and injection therapy.

8. Defendant DULCE BRICENO, a resident of Wayne County, Michigan and Miami, Florida, was an owner and operator of XPC.

9. Defendant BRANDI JENSON, a resident of Wayne County, Michigan, was a physician licensed to practice medicine in the state of Michigan who practiced at XPC. XPC, using its group provider number, submitted its claims to Medicare seeking reimbursement for the cost of injection and infusion treatments purportedly furnished to Medicare beneficiaries under the care of JENSON.

10. Defendant DEIRDRE TEAGAN, a resident of Detroit, Michigan, was a medical assistant employed by XPC.

11. Defendants RICKY HAMPTON, RODNEY WOODS, RONALD FORD and DARRELL BROWN, residents of Wayne County, Michigan, were beneficiaries that allegedly received injection and infusion therapy, and other services at XPC. XPC billed Medicare for injection and infusion therapy, and other services purportedly provided to defendants RICKY HAMPTON, RODNEY WOODS, RONALD FORD and DARRELL BROWN.

### COUNT 1
### (18 U.S.C. § 1349 – Health Care Fraud Conspiracy)

**D-1 DULCE BRICENO**
**D-2 BRANDI JENSON**
**D-3 DEIRDRE TEAGAN**
**D-4 RICKY HAMPTON**
**D-5 RODNEY WOODS**
**D-6 RONALD FORD**
**D- 7 DARRELL BROWN**

12.  Paragraphs 1 through 11 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

13.  From in or around October 2006, through in and around March 2007, the exact dates being unknown to the Grand Jury, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendants, DULCE BRICENO, BRANDI JENSON, DEIRDRE TEAGAN, RICKY HAMPTON, RODNEY WOODS, RONALD FORD and DARRELL BROWN did willfully, that is, with the specific intent to further the object of the conspiracy, combine, and knowingly combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

## PURPOSE OF THE CONSPIRACY

14.     It was a purpose of the conspiracy for DULCE BRICENO, DEIRDRE TEAGAN, BRANDI JENSON, RICKY HAMPTON, RODNEY WOODS, RONALD FORD, DARRELL BROWN and their co-conspirators to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to Medicare; (b) offering and paying kickbacks and bribes to Medicare beneficiaries for the purpose of such beneficiaries arranging for the use of their Medicare beneficiary numbers by the conspirators as the bases of claims filed for medically unnecessary injection and infusion therapy and other services; (c) soliciting and receiving kickbacks and bribes in return for arranging for the furnishing of services for which payment may be made by Medicare by providing their Medicare beneficiary numbers, which formed the basis of claims filed for injection and infusion therapy and other services; (d) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud, and the payment of the kickbacks; and (e) diverting proceeds of the fraud for the personal use of the defendants and their co-conspirators.

## MANNER AND MEANS

15.     The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

16.     Defendant DULCE BRICENO caused to be filed Articles of Incorporation in the State of Michigan for XPC, listing herself as the incorporator and resident agent.

17.     Defendant DULCE BRICENO completed and submitted an application for Medicare participation, CMS Form 855, for XPC to Medicare.

5

18. Defendant BRANDI JENSON completed a reassignment of benefits form, CMS Form 855R, to reassign to XPC payment for services billed to Medicare by XPC under her provider number.

19. XPC submitted claims to Medicare under the provider number of BRANDI JENSON, which was P3851001.

20. Defendant DULCE BRICENO hired co-conspirators BRANDI JENSON and DEIRDRE TEAGAN and used a medical biller to make it appear that XPC was a legitimate clinic providing medical treatment.

21. A co-conspirator withdrew cash from XPC's bank account and gave that cash to drivers, for the purpose of inducing the drivers to recruit Medicare beneficiaries to act as XPC patients and to pay kickbacks to those Medicare beneficiaries.

22. A co-conspirator paid patients, who were Medicare beneficiaries, cash kickbacks of approximately $50 per visit, in return for the patients signing medical documents and reimbursement forms at XPC.

23. RICKY HAMPTON, RODNEY WOODS, RONALD FORD, DARRELL BROWN and other co-conspirators solicited and received kickbacks for allowing XPC to submit claims to Medicare for injection and infusion therapy, and other services that were medically unnecessary and had not been provided.

24. DULCE BRICENO and a co-conspirator instructed BRANDI JENSON and DEIRDRE TEAGAN to order unnecessary tests, sign medical analysis and diagnosis forms, and authorize treatments to make it appear that legitimate medical services, including infusion and injection therapies, were being provided to patients who were Medicare beneficiaries.

25. BRANDI JENSON and DEIRDRE TEAGAN met with patients who were Medicare beneficiaries and ordered tests, signed medical analysis and diagnoses forms, and authorized treatments, without regard to medical necessity.

26. DULCE BRICENO submitted billing information to a biller who billed Medicare based on the false information about services allegedly provided at XPC to beneficiaries.

27. DULCE BRICENO, BRANDI JENSON, DEIRDRE TEAGAN, and their co-conspirators caused the submission of approximately $2.3 million of false and fraudulent claims to Medicare under the provider number of BRANDI JENSON, seeking reimbursement for the costs of injections, infusions, and other treatments that were not medically necessary, and were not provided.

28. After the payments from Medicare were deposited into the XPC bank account, DULCE BRICENO distributed money to herself, BRANDI JENSON, DEIRDRE TEAGAN, and other co-conspirators either individually or through companies they owned or controlled.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-6
### (18 U.S.C. §§ 1347 and 2 – Health Care Fraud)

### D-1 DULCE BRICENO
### D-2 BRANDI JENSON
### D-3 DEIRDRE TEAGAN

29. Paragraphs 1 through 11 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

30. On or about the dates enumerated below, at Wayne County, in the Eastern District of Michigan, and elsewhere, DULCE BRICENO, BRANDI JENSON and DEIRDRE TEAGAN, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items and services.

### Purpose of the Scheme and Artifice

31. It was the purpose of the scheme and artifice for the defendants and their co-conspirators to unlawfully enrich themselves through the submission of false and fraudulent Medicare claims for medically unnecessary, and non-rendered, injection and infusion therapy and other services.

8

## The Scheme and Artifice

32.     Paragraphs 16 through 28 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## Acts in Execution of the Scheme and Artifice

33.     On or about the dates specified as to each count below, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendants, DULCE BRICENO and BRANDI JENSON, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program.

| Count | Medicare Beneficiary | On or about Claim Date | Description of Item Billed | Approximate Amount Claimed |
|---|---|---|---|---|
| 2 | R.H. | 01/31/2007 | 70 units of Cosyntropin (J0835) | $4,364.50 |
| 3 | M.B. | 01/26/2007 | 65 units of Cosyntropin (J0835) | $4,052.75 |
| 4 | R.E.J. | 01/29/2007 | 65 units of Cosyntropin (J0835) | $4,052.75 |
| 5 | D.B. | 01/26/2007 | 65 units of Cosyntropin (J0835) | $4,052.75 |
| 6 | R.F. | 01/26/2007 | 100 units of Interferon (J9213) | $3,600.00 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 7
### (18 U.S.C. § 1956(h) – Money Laundering Conspiracy)

### D-1 DULCE BRICENO

34. From in or about October 2006 through in or about March 2007, in Wayne County, in the Eastern District of Michigan, and elsewhere, defendant, DULCE BRICENO, did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, and agree with each other and with other persons, known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and Section 1957, to wit:

   a. to knowingly conduct a financial transaction affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

   b. to knowingly engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

35. It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 8-9
## (18 U.S.C. § 1957 – Money Laundering)

### D-1 DULCE BRICENO

36. On or about the dates specified as to each count below, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendant, DULCE BRICENO, knowingly engaged in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity:

| Count | On or about Date | Financial Transaction |
|---|---|---|
| 8 | 02/20/07 | Check dated February 16, 2007 in the approximate amount of $26,112.45, drawn on an XPC bank account at JPMorganChase Bank, #716597745, on February 20, 2007, to an account at JPMorganChase Bank owned and controlled by DULCE BRICENO, #727406852. |
| 9 | 02/22/07 | Check dated February 22, 2007 in the approximate amount of $30,032, drawn on an XPC bank account at JPMorganChase Bank, #716597745, on February 22, 2007, $20,032 of which was deposited in an account at JPMorganChase Bank, #727406852, owned and controlled by DULCE BRICENO, $10,000 of which was withdrawn as cash by DULCE BRICENO. |

All in violation of Title 18, United States Code, Section 1957.

## COUNTS 10-11
## (18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering)

### D-1 DULCE BRICENO

37. On or about the dates specified as to each count below, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendant, DULCE BRICENO did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which in fact involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity:

| Count | On or about Date | Financial Transaction |
|---|---|---|
| 10 | 02/20/2007 | Check in the approximate amount of $18,408.90, drawn on XPC account at JPMorganChase Bank, #716597745, made payable to "Saho Services", an entity owned by a co-conspirator. |
| 11 | 02/22/2007 | Check in the approximate amount of $33,538.45, drawn on XPC account at JPMorganChase Bank, #716597745, made payable to "Saho Services," an entity owned by a co-conspirator. |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

## COUNT 12
## (18 U.S.C. §§ 1519 and 2 – Destruction of Records)

### D-1 DULCE BRICENO
### D-3 DEIRDRE TEAGAN

38. In or around February 2007, in Wayne County in the Eastern District of Michigan and elsewhere, defendants, DULCE BRICENO and DEIRDRE TEAGAN, did

knowingly alter and destroy a record and document with the intent to impede, obstruct and influence the investigation and proper administration of a matter within the jurisdiction of an agency of the United States, and in relation to and in contemplation of any such matter or case, in that they altered and destroyed documents concerning the fictitious administration of drugs and the administration of drugs in unapproved and medically unnecessary doses.

All in violation of Title 18, United States Code, Section 1519 and 2.

### CRIMINAL FORFEITURE
### (18 U.S.C. § 982)

**D-1 DULCE BRICENO**
**D-2 BRANDI JENSON**
**D-3 DEIRDRE TEAGAN**
**D-4 RICKY HAMPTON**
**D-5 RODNEY WOODS**
**D-6 RONALD FORD**
**D-7 DARRELL BROWN**

39. The allegations contained in Counts 1 through 11 of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, DULCE BRICENO, BRANDI JENSON, DEIRDRE TEAGAN, RICKY HAMPTON, RODNEY WOODS, RONALD FORD and DARRELL BROWN have an interest in pursuant to the provisions of Title 18, United States Code, Sections 982(a)(1) and 982(a)(7).

40. Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of defendant DULCE BRICENO, BRANDI JENSON, DEIRDRE TEAGAN, RICKY HAMPTON, RODNEY WOODS, RONALD FORD and DARRELL BROWN

for any of the offenses charged in Counts 1 through 6 of this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the health care fraud offense. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount derived from such offense.

41. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of defendant DULCE BRICENO for the money laundering offenses charged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

42. Property subject to forfeiture to the United States pursuant to conviction for any offense charged in Counts 1 through 6 of this Indictment, or the money laundering offenses charged in this Indictment, includes but is not limited to, cash, all bank accounts and brokerage accounts; all interests in real estate, partnerships or corporations of any kind, and their assets; all personal property; and other assets, acquired during the time of the offenses, with the proceeds of health care fraud, and/or was property involved in any of the violations.

All pursuant to Title 18, United States Code, Section 982(a)(7) and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

THIS IS A TRUE BILL.

s/GRAND JURY FOREPERSON
Foreperson

TERRENCE G. BERG
UNITED STATES ATTORNEY

s/F. WILLIAM SOISSON
F. WILLIAM SOISSON
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9668
Email: william.soisson@usdoj.gov
Bar No. P24766

s/THOMAS W. BEIMERS
THOMAS W. BEIMERS
Special Assistant United States Attorney
330 Independence Ave., SW
Room 5527
Washington, D.C. 20201
Phone: (202) 205-1448
Email: thomas.beimers@oig.hhs.gov

s/JOHN K. NEAL
JOHN K. NEAL
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Ave., NW
Bond Building, Third Floor
Washington, D.C. 20005
Phone: (202) 305-1145
Email: john.neal@usdoj.gov

s/BENJAMIN D. SINGER
BENJAMIN D. SINGER
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Ave., NW
Bond Building, Third Floor
Washington, D.C. 20005
Phone: (202) 307-2005
Email: benjamin.singer@usdoj.gov

Dated: May 20, 2009

## Criminal Case Cover Sheet

...ed States District Court
Eastern District of Michigan

Case: 2:09-cr-20221
Judge: Hood, Denise Page
MJ: Whalen, R. Steven
Filed: 05-20-2009 At 04:34 PM
INDI USA V. SEALED MATTER (DA)

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to com[plete]

| Companion Case Information | Companion Case Numbers: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: |

**Case Title:** USA v. Dulce Briceno, et al.

**County where offense occurred:** Wayne

**Check One:**   ☒ Felony        ☐ Misdemeanor        ☐ Petty

_X_ Indictment ____ /Information ____ **no** prior complaint.
____ Indictment ____ /Information ____ based upon prior complaint [Case number: ____]
____ Information ____ based upon LCrR 57.10 (d) [Complete Superseding section below].

## Superseding Case Information:

**Superseding to Case No:** _____     **Judge:** _____

☐  Original case was terminated; no additional charges or defendants.
☐  Corrects errors; no additional charges or defendants.
☐  Involves, for plea purposes, different charges or adds counts.
☐  Embraces same subject matter but adds the additional defendants or charges below:

**Defendant name**                                **Charges**

---

May 20, 2009
Date

**BENJAMIN D. SINGER**
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Ave., NW
Bond Building, Third Floor
Washington, D.C  20005
Phone: (202) 307-2005
Email: benjamin.singer@usdoj.gov

---

[1] Companion cases are matters in which it appears that substantially similar evidence will be offered at trial or the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/1/99